# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3608-23
A-3611-23

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

A.J.T.J. and J.W.R.,

     Defendants-Appellants,

and

J.L.C.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF
JA.N.J.L.C., J.J.W.R., and
J.W.R., JR., minors.

_____

Submitted July 8, 2025 – Decided July 15, 2025

Before Judges Currier, Berdote Byrne, and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FG-11-0212-21.

Jennifer N. Sellitti, Public Defender, attorney for appellant A.J.T.J. (James D. O'Kelly, Designated Counsel, on the briefs).

Jennifer N. Sellitti, Public Defender, attorney for appellant J.W.R. (Catherine Reid, Designated Counsel, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Wesley Hanna, Deputy Attorney General, on the brief).

Jennifer N. Sellitti, Public Defender, Law Guardian, attorney for minor JA.N.J.L.C. (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Todd Wilson, Designated Counsel, on the brief).

Jennifer N. Sellitti, Public Defender, Law Guardian, attorney for minors J.J.W.R., and J.W.R., Jr. (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Julie E. Goldstein, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

A-3608-23

In these consolidated appeals, defendant A.J.T.J. ("Ann"),[1] the biological mother of JA.N.J.L.C. ("Jan") who was born in February 2019, and twin sons J.J.W.R. ("Jimmy") and J.W.R., Jr. ("Jack") who were born in January 2022, appeals from the judgment of guardianship terminating her parental rights to all three children.[2] She contends the trial court erred in finding the New Jersey Division of Child Protection and Permanency ("Division") proved prongs three and four of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence because it failed to properly consider kinship legal guardianship ("KLG") and due to perceived issues with respect to the resource parents.

Defendant J.W.R. ("Joe"), Jimmy's and Jack's biological father, also appeals from the order terminating his parental rights. Joe contends the Division failed to prove prongs three and four of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence.

The respective law guardians support the terminations on appeal regarding all three children, as they did before the trial court.

---

[1] We refer to the adult parties and the children by initials and fictitious names to protect their privacy. See R. 1:38-3(d)(12).

[2] Jan's father, J.L.C., voluntarily surrendered his parental rights and is not involved in this appeal.

Based on our review of the record and applicable law we are satisfied the record evidence supports the decision to terminate both defendants' parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge Thomas J. Walls, Jr., in his thorough and well-reasoned consolidated opinion rendered on June 28, 2024.

The trial court's extensive opinion thoroughly addressed all four statutory factors for termination and need not be repeated in detail here. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Walls's decision. We add the following comments.

We give substantial deference to the trial court's opportunity to have observed the witnesses first-hand and to evaluate their credibility. N.J. Div. of Youth & Fam. Servs. v. R.G., 217 N.J. 527, 552 (2014). A trial court's decision should be reversed on appeal only if its findings were "so wholly unsupportable as to result in a denial of justice." N.J. Div. of Child Prot. & Permanency v. D.A., 477 N.J. Super. 63, 80 (App. Div. 2023) (quoting N.J. Div. of Youth & Fam. Servs. v. P.P., 180 N.J. 494, 511 (2004)). However, we acknowledge our review of the trial court's legal interpretations is de novo. R.G., 217 N.J. at 552-53; D.A., 477 N.J. Super. at 80-81.

With respect to Ann, there is sufficient credible evidence in the record to support Judge Walls's termination of her parental rights to all three children by clear and convincing evidence.  In fact, Ann does not challenge the trial court's findings under the statutory prongs one and two.  She also concedes the Division made reasonable efforts to reunify her with her children.  Instead, she focuses on the alleged failure of the trial court to adequately consider KLG and attacks the resource parents, Jan's aunt and uncle, as unfit.

Ann's argument is based on the Legislature removing language from N.J.S.A. 3B:12A-6(d)(3) that required a trial court to consider KLG as an option only when "adoption of the child is neither feasible nor likely."  N.J.S.A. 3B:12A-6(d)(3) (2006) (amended 2021).  Compare L. 2006, c. 47, § 32, with L. 2021, c. 154, § 4.  The amendment now places KLG in equipoise with adoption, ensuring a resource parent's willingness to adopt no longer forecloses the possibility of KLG.

To be sure, a trial court must now assess whether KLG was adequately explored as an option prior to termination.  However, evidence establishing a resource parent's clear and informed preference for adoption remains relevant to a trial court's finding there are no reasonable alternatives to termination of parental rights pursuant to statutory prong three.  Nothing in the statute allows

5

the trial court to unwillingly force a resource parent into a KLG relationship with one or both biological parents. As noted in <u>New Jersey Division of Child Protection and Permanency v. D.C.A.</u>, 256 N.J. 4 (2023), the trial court is still required, after ensuring alternatives to termination have been considered, to decide what is in the best interest of each child.

Ann and Joe also both argue the Division failed to prove prong four of the statute, whether termination of parental rights will do more harm than good. The fourth prong of the best interest test "serves as a fail-safe <u>against</u> termination even where the remaining standards have been met." <u>N.J. Div. of Youth & Fam. Servs. v. E.P.</u>, 196 N.J. 88, 108 (2008) (emphasis added) (quoting <u>N.J. Div. of Youth & Fam. Servs. v. G.L.</u>, 191 N.J. 596, 609 (2007)). It is not a comparison of whether the child's bond with the resource parent is stronger than the bond with the biological parent. "The question ultimately is not whether a biological mother or father is a worthy parent, but whether a child's interest will best be served [by] completely terminating the child's relationship with that parent." <u>Ibid.</u>

"[A] child's need for permanency is an extremely important consideration pursuant to this prong." <u>R.G.</u>, 217 N.J. at 559. "[A] child has a right to live in a stable, nurturing environment and to have the psychological security that his

6

[or her] most deeply formed attachments will not be shattered."  N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 453 (2012).  Here, all three children were removed from Ann at birth.  Likewise, Jimmy and Jack were never parented by Joe.  Although both Ann and Joe participated in supervised visitation with varying results, no expert opined either parent had a significant bond with any of the children such that the children would suffer enduring harm from the termination of Ann and Joe's parental rights.

Judge Walls, after noting both Ann's and Joe's obvious love for their children, found:

> [T]he [c]ourt accepts [as] credible that [Joe] loves his children and accepts that [Ann] loves her children.  But unfortunately, they just have not shown the ability to benefit from services, and the conduct from September and November just are emblematic of that.
>
> The [c]ourt had given chances, delayed the trial of the matter, ordered the Division to provide housing assistance, and made every effort to assist [Joe and Ann] in success, to successfully reunify, but, unfortunately, they were just unable to take advantage of those efforts.
>
> And the [c]ourt considered whether it would be appropriate to allow more time by dismissal of the FG complaint but in light of the history of the case the [c]ourt [] determines and is clearly convinced that any further delay in permanency for the children would just lead to more harm as the likelihood of participation in services to remedy the situation just is highly unlikely.

7

So the [c]ourt, again, makes this determination with a heavy heart.

At the time of termination, Jan had been in resource care for over five years, and the twins had been in resource care for over two years – all since birth. We conclude the trial court was correct in finding the Division proved prong four of the statute by clear and convincing evidence.

In his thoughtful opinion, Judge Walls reviewed the evidence presented at trial and concluded the Division had proven all four prongs of the best interests test pursuant to N.J.S.A. 30:4C-15.1 by clear and convincing evidence with respect to both Ann and Joe; and termination of their parental rights was in Jan's, Jimmy's, and Jack's best interests and would not do more harm than good. We conclude Judge Walls's factual findings are fully supported by the record, and in light of those facts, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3608-23